UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS MULLET, ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-10006 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION "N" (1) |

## ORDER AND REASONS

Defendant, State Farm Fire & Casualty Company, removed this matter from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, on November 15, 2006. Presently before the Court is Plaintiffs' March 3, 2008 Motion to Remand (Rec. Doc. No. 19). For the reasons stated herein, Plaintiffs' motion is **DENIED**.

## BACKGROUND

In 2005, Plaintiffs' home at 3513 Meraux Lane, Violet, Louisiana, was covered by a policy of homeowners insurance issued by Defendant. On or about August 29, 2005, Plaintiffs' home and contents suffered damages as a result of Hurricane Katrina. As of August 2006, the parties had not satisfactorily resolved Plaintiffs' claims under the homeowner's insurance policy. Accordingly, Plaintiffs filed suit against Defendant in state court.

Defendant removed the action to this Court on November 15, 2006. Urging that the amount in controversy is less than that required for diversity jurisdiction under 28 U.S.C. § 1332, Plaintiffs now seek remand to state court. There is no dispute as to the parties' diversity of

citizenship.

## LAW AND ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Diversity of citizenship subject matter jurisdiction requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a specific damage figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). The converse holds true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

In this instance, however, Plaintiffs filed their action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing

defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id*.

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. *See* La. Code Civ. P. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La.) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc.*, Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D.

La.) (Vance, J.).[1]

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La.) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La.) (Engelhardt, J.). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Here, Plaintiffs' Petition seeks recovery of all amounts to which they are entitled under the policy, as well as statutory penalties, damages, and attorney fees under La. R.S. 22:658 and La. R.S. 22:1220. *See* Pet. ¶18. The Petition does not contain a binding stipulation regarding damages, but, consistent with Article 893 of the Louisiana Code of Civil Procedure, does include

---

[1] In *Engstrom v. L-3 Communications Government Services, Inc.*, Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74, 999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id*.

an allegation that their "Plaintiffs' damages do not exceed $75,000." *Id.* at ¶19.[2]

It is not "facially apparent" from the Petition that Plaintiffs' claims satisfy the amount in controversy required to establish diversity of citizenship jurisdiction under 28 U.S.C. §1332. Nevertheless, given the additional information provided by Plaintiffs' Rule 26 disclosures and interrogatory answers, the Court finds that Defendant has proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Specifically, Plaintiffs' responses to Interrogatory No. 13 reveal that Plaintiffs have received only $10,142.43 from Defendant and still seek at least $71,753.00 for dwelling repairs and $58,655.00 for damaged contents. *See* Exh. B to Defendant's Response to Plaintiff's Motion for Remand ("Defendant's Response") (Rec. Doc. No. 23-3). The responses to Interrogatory No. 18 and Plaintiffs' Rule 26 Disclosures Nos. 3(a) through 3(c), moreover, set forth claims for policy proceeds that total $145,408.00 when loss of use amounts are included with the dwelling and contents losses. *See* Exh. C to Defendant's Response (Rec. Doc. Nos. 23-3 and 23-4). Relative to these claims, the Court notes that the limits of Plaintiffs' homeowners policy, not including loss of use, total in excess of $210,000. *See* Exh. A to Defendant's Response (Rec. Doc. No. 23-2).

Finally, as previously stated, Plaintiffs have sought recovery under La. R.S. 22:1220 and La. R.S. 22:658.[3] If recoverable, such sums are to be considered by the Court in determining

---

[2] Although prohibiting the inclusion of a "specific monetary amount of damages" in the petition, Article 893 allows, among other things, a general allegation that the damages at issue are insufficient to provide federal court diversity jurisdiction. *See* La. Code Civ. Proc. art. 893(A)(1).

[3] In 2006, La. R.S. 22:658 was amended. Prior to August 15, 2006, the statute authorized a penalty of the greater of 25% of the amount due, or $1,000, but no attorney's fees; thereafter, it authorizes a penalty of the greater of 50% of the amount due, or $1,000, and attorney's fees. *See* 2006 La. Acts No. 813, §1; 2003 La. Acts. No. 790 §1; *see also* La. Const. art. 3, § 19

the amount of controversy. *See, e.g., Manguno,* 276 F.3d at 723-24; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Ardoin v. Allstate Ins. Co.*, Civil Action No. 06-7624, 2007 WL 97062, *2 (E. D. La.) (Vance, J.); *Bagneris v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 95-1680, 1995 WL 683876, *1 (E.D. La.) (Carr, J.).

In response, Plaintiffs have not submitted a binding affidavit or stipulation that clarifies the total amount of their claims at the time of removal and waives any recovery, including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $75,000.[4] Nor

---

(unless specified in the legislation, laws enacted during a regular legislative sessions take effect on August 15 of the calendar year during which the session is held; laws enacted during an extraordinary session take effect sixty days following final adjournment of that session); *see also, e.g., Paulsen v. State Farm Ins. Co.,* Civil Action No. 06-9546, 2008 WL 239785 (E.D. La. 2008) (Africk, J.) (discussing non-retroactivity of 2006 amendment and differing judicial views regarding its application to continuing conduct); *Weiss v. Allstate Ins. Co.*, Civil Action No. 06-3774, 2007 WL 1017341 (E.D. La. 2008) (Vance, J.) (discussing effective date of 2006 amendment and non-retroactivity).

Under circumstances such that La. R.S. 22:1220 provides a greater penalty than La. R.S. 22:658 for the same conduct, the plaintiff cannot recover a penalty under both statutes. Rather, the penalty provision of La. R.S. 22:1220 supersedes that found in La. R.S. 22:658. *See, e.g., Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000); *see also Carpenter v. State Farm Ins. Co.*, Civil Action No. 06-8456, 2007 WL 4124549, *1 (E. D. La.) (Fallon, J.) Attorney's fees, if provided for in the applicable version of La. R.S. 22:658, however, still would be recoverable under La. R.S. 22:658. *Calogero,* 753 So. 2d at 174. For purposes of La. R.S. 22:1220, a recovery is limited to $5,000 if he or she cannot prove higher, actual damages resulting from the insurer's breach. *See Sultana v. Jewelers Mut. Ins. Co.,* 860 So. 2d 1112, 1115-19 (La. 2003) (actual damages do not have to be proven as prerequisite to penalty award under La. R.S. 22:1220(C)); *see also In re Hannover Corp. of America*, 67 F.3d 70, 76 (5th Cir. 1995); *Hammel v. State Farm Fire and Cas. Co.*, Nos. 06-7470, 06-9615, 2007 WL 519280, * 7 (E.D. La.) (Vance, J.); *but see Ibrahim v. Hawkins*, 845 So. 2d 471, 482-83 (La. App. 1 Cir. Feb. 14, 2003) ($5,000 penalty under La. R.S. 22:1220 <u>not</u> owed unless some damages suffered as direct result of the insurer's conduct).

[4]     Absent a binding waiver, given Defendant's evidentiary showing, the allegation in Plaintiffs' Petition that their damages do not exceed $75,000 is not determinative of the Court's diversity jurisdiction. *See, e.g., Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, *2 (M.D. La.)(Brady, J.); *Davis v. State Farm Fire & Cas.*, 2006 WL 1581272, *3-4 (E.D. La.)(Vance, J.).

have Plaintiffs otherwise demonstrated that it is legally certain that their recovery will be less than $75,000.  Accordingly, Plaintiffs' motion to remand is without merit.

## CONCLUSION

As stated above, the Court finds that Defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Further, Plaintiffs have not shown that it is legally certain that their recovery will be less than $75,000.  Accordingly, for the foregoing reasons, the Court finds that 28 U.S.C. §1332 provides subject matter jurisdiction in this action.  Thus, **IT IS ORDERED** that Plaintiffs' March 3, 2008 Motion to Remand (Rec. Doc. No. 19) is **DENIED**.

New Orleans, Louisiana, this ___7th__ day of May 2008.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**Kurt D. Engelhardt**
　　　　　　　　　　　　　　　　　**United States District Judge**